

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

October 6, 2005

## LETTER OPINION

**VIA REGULAR MAIL**

Michael Taylor
Reg. # 42306-053
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

*(Pro Se Plaintiff Michael Taylor)*

Anthony Sylvester
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
Morristown, NJ 07962-1981

*(Attorneys for Defendant J.P. Morgan Chase & Co.)*

**Re:    Taylor v. Doe**
**Docket No.:05-3944 (WJM)**

Dear Litigants:

This matter comes before the Court on Defendant J.P. Morgan Chase's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, Michael Taylor, did not file any opposition papers in response to this motion. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE.**

## I. Background

Because a full recapitulation of the allegations in the Complaint, filed on May 27, 2005, is not necessary to resolution of this motion, the Court will not do so here. For present purposes, it suffices to point out that the Complaint alleges that unidentified Defendant John Doe, an employee of an unnamed bank, violated Plaintiff's Fifth Amendment right to due process when Doe instituted civil proceedings and obtained a judgment against Taylor for money owed to the bank.

Taylor had a checking account at Chase under the name of Creditbuilder's plus ("Creditbuilder's"), a now defunct corporate entity in which Taylor was the sole shareholder. Creditbuilder's overdrew on its account by over $3,500.00.  When Creditbuilder's failed to repay its debt, Chase instituted civil proceedings against Taylor personally and obtained a default judgment in the amount of $3,757.00.  Plaintiff has now filed suit under 42 U.S.C. § 1983, claiming the actions of John Doe were "arbitrary and capricious" and deprived him of his Fifth Amendment right to due process.[1]

## II.  Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a *pro se* litigant, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

## III.  Plaintiff's Claim is Barred by the Applicable Statute of Limitations

Claims filed under 42 U.S.C. § 1983 are subject to state statutes of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  New Jersey has a two year limitations period for personal injury claims.[2]  N.J. Stat. Ann. § 2A:14-2.  Taylor asserts in his

---

[1] This case was originally filed in New Jersey State Court on May 27, 2005, but was removed to this Court on August 9, 2005 by Chase on behalf of its alleged employee Doe. Although Taylor names John Doe as the defendant in his Complaint, he further identifies Doe as an employee of an unnamed bank, now deemed to be Chase.  Chase has filed this motion on behalf of John Doe.

[2] There is some dispute as to the proper statute of limitations to apply.  Arguably New York's statute of limitations of three years for tort actions could apply since the proceeding Taylor complains of took place in Brooklyn Civil Court.  In any event, since this Court has

Complaint that he was injured because Doe instituted civil proceedings against him.  The Complaint further demonstrates that this civil action commenced sometime between July 1998 and September 1999, and that judgment was entered against Taylor on September 20, 1999. Even using the entry of judgment rather than the institution of proceedings as the time of Taylor's injury,[3] over four years have elapsed between then and the May 2005 complaint in this case.  Taylor's claim is thus time-barred.

## IV. Conclusion

For the foregoing, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.  An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini
_____

**William J. Martini, U.S.D.J.**

cc:     The Honorable Ronald J. Hedges, U.S.M.J.

---

established that Taylor's cause of action accrued no later than September 2005, New York's limitations period would also bar the claim.

[3]Strictly construed, Taylor alleges he suffered injury because Doe instituted civil proceedings against Taylor personally, rather than against Creditbuilder's.  Compl. ¶6.  Thus, it would not be unreasonable for this Court to find that the statute of limitations began to run even earlier than September 1999.